FILED
2005 Oct-06 PM 01:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| VINTAGE HOMES L.L.C.; DESIGNMARK BUILDERS, L.L.C., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CV 05-B-0565-S ) |
| AUTO OWNERS INSURANCE COMPANY; MIKE BOSTICK, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendants' Motion to Dismiss, (doc. 3), and plaintiffs' Motion to Remand, (doc. 4). Plaintiffs have sued defendants alleging breach of contract, bad faith, conspiracy, and "unconscionable practices." (Doc. 1, Ex. A., Complaint.) Defendants removed this action to federal court on the basis of diversity jurisdiction, and alleging that Bostick, an Alabama resident and a claim adjuster for defendant Auto Owners, a foreign corporation, was fraudulently joined. (Doc. 1 ¶¶ 4-6.) Together with its Notice of removal, defendants filed a Motion to Dismiss Bostick on the ground that plaintiffs' Complaint failed to state a cause of action against him. (Doc. 3 ¶ 5.) Thereafter, plaintiffs filed a Motion to Remand, alleging that Bostick was not fraudulently joined and, therefore, there was not complete diversity among the parties. (Doc. 4.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the

relevant law, the court is of the opinion that defendants' Motion to Dismiss, (doc. 3), is due to be granted, and plaintiffs' Motion to Remand, (doc. 4) is due to be denied.

## I. MOTION TO DISMISS

When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)); *see also Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994). The court will dismiss a claim only when it is clear that no relief could be granted under any set of facts consistent with the allegations in the Complaint. *Hishon*, 467 U.S. at 73; *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on ***any*** possible theory." *Brooks*, 116 F.3d at 1369 (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967))(emphasis in original).

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am.*

*Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

      In their Complaint, plaintiffs allege the following claims against Bostick:

Count Two: **Defendants** are guilty of bad faith in that the **Defendants** failed to appropriately and adequately investigate the claims which were asserted against Plaintiffs; failed to provide a defense for said claims as is provided under the policies; failed to communicate with the insured with regard to settlement negotiations; have wrongfully and in bad faith settled the [underlying] matter . . . .

Count Three: **Defendants** breached their contract with the Plaintiffs and failed in their duty of good faith and fair dealing owed to the Plaintiffs by failing to defend the claims made [in the underlying matter], and by inappropriately and without advising Plaintiffs in settling the [underlying] matter . . . and obligating Plaintiffs to perform work that was not agreed upon . . . .

Count Four: Defendants Auto-Owners and Bostick have contrived, combined, fabricated, and conspired amongst themselves to do the illegal, fraudulent, and deceitful acts . . . described in this Complaint . . . .

Count Five: All acts of all Defendants were negligent, innocent, reckless and/or wanton. [This negligent, innocent, reckless, and/or wanton conduct caused Plaintiffs] damages in the form of legal expenses incurred . . . which should have been . . . covered under the subject policies.

Count Six: The above-described conduct, acts and omissions of the Defendants constitute unconscionable practices, individually and collectively.

(Doc. 1, Ex. A, Complaint ¶¶ 38, 41, 47-48, 50 (emphasis added).)

      Counts Two, Three, Five, and Six alleged claims based on the alleged wrongful or bad faith handling of plaintiffs' claims. In Alabama, claims based on the bad-faith handling of insurance claims are actionable only against the insurance company, not the adjuster. *See Wright v. State Farm Fire and Casualty*, No. 96-A-1663-N, 1997 WL 114902 at *3 (M.D.

Ala. Feb. 14, 1997)(citing *Ligon Furniture Co. v. O.M. Hughes Ins.*, 551 So. 2d 283, 285 (Ala. 1989).  Therefore, plaintiffs cannot maintain a claim against Bostick based on the bad faith handling of their insurance claims.

Count Three alleges that Bostick breached his contract with plaintiffs.  The only contract at issue in this case is the insurance contract to which Bostick was not a party.  Therefore, plaintiffs cannot maintain a breach of contract claim against Bostick.

Count Four alleges a conspiracy between Auto-Owners and Bostick to do illegal and fraudulent acts.  Alabama does not recognize an independent cause of action for civil conspiracy.  *Id*.  Therefore, plaintiffs cannot maintain a conspiracy claim against Bostick.

Moreover, to the extent that Plaintiffs now argue that Count Four of their Complaint states a claim of fraud against Bostick, the court finds the Complaint does not state a fraud claim against Bostick with the particularity required by Rule 9(b).  The only facts alleged in the Complaint related to Bostick's "fraud" upon plaintiffs are: (1) Auto-Owners hired Dick Nave to represent plaintiffs in the underlying matter, (doc. 1, Ex. A, Complaint ¶ 11); (2) Auto Owners assigned plaintiffs' claim to Bostick for handling, (*id*. ¶ 16); and (3) Auto Owners and **Bostick** represented that Nave represented plaintiffs when he in fact represented Auto Owners, (*id*. ¶ 30.)  These facts certainly do not meet the standard for pleading fraud with particularity.  See *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2001)(quoting *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202

(11th Cir. 2001));[1] *see also Cooper v. Blue Cross and Blue Shield of Florida, Inc.*, 19 F.3d 562, 568 (11th Cir. 1994)("Federal Rule of Civil Procedure 9(b) requires that fraud be pleaded with specificity. The plaintiff's complaint must allege the details of the defendant[']s allegedly fraudulent acts, when they occurred, and who engaged in them.").

Therefore, to the extent that plaintiffs have tried to state a claim for fraud, such claim is due to be dismissed pursuant to Fed. R. Civ. P. 9(b).

Based on the foregoing, all claims against Bostick are due be dismissed on the ground that plaintiffs' Complaint fails to state a claim against Bostick upon which relief may be granted.

## II. MOTION TO REMAND

For the foregoing reasons, the court finds that Plaintiffs have failed to state a claim against Bostick, the non-diverse defendant. The court finds that Bostick was fraudulently joined; therefore, plaintiffs' Motion to Remand is due to be denied.

---

[1] The *Clausen* court held that Rule 9(b) requires that the following elements of a fraud claim to be pled in plaintiff's Complaint:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*U.S. ex rel. Clausen*, 290 F.3d at 1310 .

5

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that defendants' Motion to Dismiss is due to be granted, and plaintiffs' Motion to Remand is due to be denied. An Order granting defendants' Motion to Dismiss, denying plaintiffs' Motion to Remand, and dismissing plaintiffs' claims against defendant Bostick will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 6th day of October, 2005.

*Sharon Lovelace Blackburn*
_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE